1

2

3

4

5

6

7

8              UNITED STATES DISTRICT COURT

9                 EASTERN DISTRICT OF CALIFORNIA

10  ERMIAS TADESSE,                       )   1:05-cv-00336-REC-TAG HC
                                          )
11                      Petitioner,       )   REPORT AND RECOMMENDATION TO
                                          )   DISMISS PETITION FOR WRIT OF HABEAS
12          v.                            )   CORPUS AS MOOT
                                          )
13  ALBERTO GONZALEZ, et al.,             )   (Doc. 1)
                                          )
14                      Respondents.      )
    _____)
15

16          Petitioner is detained by the United States Bureau of Immigration and Customs Enforcement

17  ("ICE") and is proceeding with a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.

18  The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B)

19  and Local Rule 72-302.

20          In the petition filed March 10, 2005,  Petitioner alleges that his detention pursuant to 8 U.S.C.

21  § 1231(a)(6) is indefinite, that it exceeds respondent's statutory authority, and that it violates

22  Petitioner's Due Process rights under the Fifth Amendment.  (Doc. 1, p. 4).   Petitioner seeks relief in

23  the form of release from ICE custody under reasonable conditions of supervision.  (Doc. 1, p. 5).

24          On May 20, 2005, Petitioner filed a notice of change of address in which Petitioner advised

25  the Court that he was no longer in the custody of ICE; Petitioner listed a new address of 6592 Radko

26  Drive, San Jose, California, 95119.  (Doc. 11).  Although Petitioner requests that his case remain

27  "active" notwithstanding his release from custody, the case is now moot and the Court must

28  recommend dismissal of the instant petition.

                                              1

1

**<u>DISCUSSION</u>**

2       Pursuant to Rule 4 of the Rules Governing § 2254 Cases, the Court is required to make a

3 preliminary review of each petition for writ of habeas corpus.  "If it plainly appears from the face of

4 the petition . . . that the petitioner is not entitled to relief," the Court must dismiss the petition.  Rule

5 4 of the Rules Governing § 2254 Cases; <u>see also</u>, <u>Hendricks v. Vasquez</u>, 908 F.2d 490

6 (9th Cir.1990).

7       A federal court may only grant a petition for writ of habeas corpus if the petitioner can show

8 that "he is in custody in violation of the Constitution . . . ."  28 U.S.C. § 2241 (c)(3).  A habeas

9 corpus petition is the correct method for a prisoner to challenge the "legality or duration" of his

10 confinement.  <u>Badea v. Cox</u>, 931 F.2d 573, 574 (9th Cir. 1991), <u>quoting</u>, <u>Preiser v. Rodriguez</u>, 411

11 U.S. 475, 485 (1973); Advisory Committee Notes to Rule 1 of the Rules Governing Section 2254

12 Cases.  However, the petition must "allege facts concerning the applicant's commitment or

13 detention," 28 U.S.C. § 2242, and the petitioner must make specific factual allegations that would

14 entitle him to habeas corpus relief if they are true.  <u>O'Bremski v. Maass</u>, 915 F.2d 418, 420 (9th Cir.

15 1990); <u>United States v. Poopola</u>, 881 F.2d 811, 812 (9th Cir. 1989).  If it may be conclusively

16 determined from the face of the petition that the petitioner is not entitled to relief on the grounds

17 alleged, then the petition must be dismissed.  Rule 4 of the Rules Governing § 2254 Cases[1]; <u>Peterson</u>

18 <u>v. Wilson</u>, 373 F.2d 737, 738 (9th Cir. 1967).

19       The case or controversy requirement of Article III of the Federal Constitution deprives the

20 Court of jurisdiction to hear moot cases.  <u>Iron Arrow Honor Soc'y v. Heckler</u>, 464 U.S. 67, 70

21 (1983); <u>NAACP, Western Region v. City of Richmond</u>, 743 F.2d 1346, 1352 (9th Cir. 1984).  A case

22 becomes moot if the "the issues presented are no longer 'live' or the parties lack a legally cognizable

23 interest in the outcome."  <u>Murphy v. Hunt</u>, 455 U.S. 478, 481 (1984).  The Federal Court is "without

24 power to decide questions that cannot affect the rights of the litigants before them."  <u>North Carolina</u>

25 <u>v. Rice</u>, 404 U.S. 244, 246 (1971) *per curiam*, *quoting* <u>Aetna Life Ins. Co. v. Hayworth</u>, 300 U.S.

26 227, 240-241 (1937).

27 _____

28       [1]The Rules Governing § 2254 Cases can be applied to petitions other than those brought under
§ 2254 at the Court's discretion. See, Rule 1(b) of the Rules Governing § 2254 Cases.

2

In the instant case, Petitioner, by his own admission, is no longer in ICE custody.  Petitioner has thus already been afforded the relief sought in his petition.  The case is therefore moot, and the petition should be DISMISSED for failure to state a claim.

## **RECOMMENDATION**

Accordingly, the Court RECOMMENDS that the Petition for writ of habeas corpus (Doc. 1), be DISMISSED, for failure to state a claim.

This Report and Recommendation is submitted to the Honorable Robert E. Coyle, Senior United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within thirty (30) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Report and Recommendation."  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(c).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).


IT IS SO ORDERED.

**Dated:    May 25, 2005**                            **/s/ Theresa A. Goldner**
j6eb3d                                                    UNITED STATES MAGISTRATE JUDGE

3